FILED

17 JAN 19 PM 2:17

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: MXN DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JAIME MERINO,

    Plaintiff,

v.

COOL GEAR INTERNATIONAL, LLC, a Delaware Limited Liability Company, et al.,

    Defendants.

Case No.: 3:16-cv-01192-BEN-BGS

**ORDER GRANTING MOTION TO DISMISS**

Pending before the Court is the Motion to Dismiss filed by Defendants Cool Gear International, LLC ("Cool Gear") and Igloo Products Corporation. (Docket No. 10.) The motion is fully briefed. The Court finds the Motion suitable for determination on the papers without oral argument, pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Motion is **GRANTED with leave to amend.**

### BACKGROUND[1]

Plaintiff Jaime Merino is the inventor and sole owner of the right, title, and interest in U.S. Patent No. 8,549,492 (the " '492" Patent), which is in essence "a straw accessory

---

[1] The following overview of the relevant facts are drawn from the allegations of Plaintiff's Complaint. (Docket No. 1.) The Court is not making findings of fact.

for a beverage container." (Compl. ¶ 13.) The '492 Patent was filed on June 24, 2011, and issued on June 11, 2013. The '492 Patent is valid, enforceable, and currently in full force and effect.

Sometime between late June and early July in 2013, Plaintiff contacted Cool Gear "to introduce Cool Gear to the [']492 Patent and to propose a potential product line, ideas, and marketing concepts to Cool Gear." (*Id.* at ¶ 21.) Cool Gear's Marketing Manager appeared receptive and requested more information from Plaintiff about his invention. Subsequently, on or about July 30, 2013, Plaintiff sent via e-mail a link to a custom video. The video depicted "product line and marketing concepts" featuring the '492 Patent, and ways it could be "implemented and applied to Cool Gear's products." (*Id.* at ¶ 22.)

On or about August 6, 2013, Cool Gear's Marketing Manager advised Plaintiff that "she received the link and that she forwarded it to the appropriate department for evaluation." (*Id.* at ¶ 23.) On the same day, Cool Gear's Senior Product Designer, John Mason, contacted Plaintiff "regarding working together on Plaintiff's potential product line and marketing concept involving the [']492 Patent." (*Id.* at ¶ 24) Specifically, Mr. Mason stated, "[t]he Owner of [the] company wanted me to reach out and see what Patent you hold and see [i]f you would like to talk about your Product, maybe there is something we can Work together on [sic]?" (*Id.*)

Following these communications, Plaintiff unsuccessfully attempted to arrange a conference call with Cool Gear, and communications between the parties ceased. At an unidentified time following the correspondence between Plaintiff and Cool Gear, Cool gear "used the marketing concepts, designs, and technology and began manufacturing, offering to sell, importing and selling the Accused Products." (*Id.* at ¶ 26.)

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is appropriate if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556–57 (2007);

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"); *accord Anticancer Inc. v. Xenogen Corp.,* 248 F.R.D. 278, 282 (S.D. Cal. 2007) (holding *Twombly's* plausibility standard applies to claims, counterclaims, cross-claims, and third-party claims). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly,* 550 U.S. at 556. "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal,* 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678.

## DISCUSSION

Defendants' move to dismiss Plaintiff's Second Claim for Relief for failure to state a claim. The Second Claim for Relief alleges Cool Gear and Plaintiff entered into an implied-in-fact contract governed by California law,[2] which Cool Gear breached when it "misappropriated [Plaintiff's] ideas, concepts, prototype designs, and marking proposals." (Compl. ¶ 41.)

In California, to prevail in an action for breach of an implied-in-fact contract, a plaintiff must show: (1) that he or she prepared the work, (2) that he or she disclosed the work to the offeree for sale, (3) it can be concluded, under all of the circumstances attending disclosure, that the offeree voluntarily accepted the disclosure knowing the

---

[2] Defendants dispute the applicability of California law to Plaintiff's breach of implied contract claim, but understandably do not argue that as a basis for dismissing the claims given that the Court must accept the truth of factual allegations of the Complaint at this stage.

conditions on which it was tendered (i.e. the offeree must have the opportunity to reject the attempted disclosure if the conditions were unacceptable), and (4) the reasonable value of the work. *Aliotti v. Dakin & Co.*, 831 F.2d 898, 902 (9th Cir. 1987) (citing *Faris v. Enberg*, 97 Cal.App.3d 309, 318 (1979)). The parties dispute whether the Complaint sufficiently alleges the first, second, and third elements. The Court finds the third element is alleged inadequately

As set forth above, the first element requires a showing that Plaintiff prepared the disputed work.[3] *Aliotti*, 831 F.2d at 902; *Faris*, 97 Cal.App.3d at 318. The Complaint alleges that Plaintiff is the inventor and sole owner of the right, title, and interest in the " '492" Patent. (Compl. ¶ 13.) Sometime in 2013, "Plaintiff contacted Cool Gear to introduce Cool Gear to the '492 Patent and propose a potential product line, ideas, and marketing concepts." (*Id.* at ¶ 21.) Cool Gear allegedly used Plaintiff's "marketing concepts, designs, and technology." (*Id.* at 26.) The Court finds these facts satisfy the pleading requirement for the first element (i.e. that Plaintiff prepared the disputed work).

The second element requires a showing that Plaintiff disclosed his work for sale. *Aliotti*, 831 F.2d at 902; *Faris*, 97 Cal.App.3d at 318. The Complaint alleges that Plaintiff sent Cool Gear's Marketing Manager the video link "in expectation of return of fair compensation." (Compl. ¶ 22.) Plaintiff also alleges he "provid[ed] Cool Gear information regarding the '492 Patent on expectation of fair compensation." (Compl. ¶ 25.) The information included Plaintiff's "prototypes, marketing concepts or ideas." (*Id.*) Defendants argue that "[t]here was no reason for Cool Gear to think the asserted work – the video – was an offer for sale to Defendants." (Defs.' Reply at 4.) Defendants

---

[3] The Court notes Defendants' Reply asserted that "the first *Desny* element requires actual use of a disclosed idea." (Defs.' Reply at 1.) However, Defendants' cited to their own Motion, and Plaintiff's Opposition, which effectively state that the first element requires Plaintiff demonstrate he prepared the disputed product or work. (*Id.*) The Court finds this is the correct statement of the law. *Aliotti*, 831 F.2d at 902; *Faris*, 97 Cal.App.3d at 318.

also argue that Plaintiff's disclosure "was an invitation and enticement to enter into a future business relationship, e.g. a license for his purportedly patented device." (*Id.* at at 2.)

Defendants' arguments are misplaced. Defendants cite two cases, *Alitotti v. R. Dakin & Co*, *supra*, and *Faris v. Enberg*, *supra*, for the proposition that "the mere hope[] of entering into a future business relationship" is not sufficient to demonstrate that the disclosure was made for sale. (*Id.* at 3.) The Court's reading of those cases results in a different conclusion. In *Alitotti*, the court upheld summary judgment for defendant after reviewing the record and finding evidence that the plaintiff "made her presentation to Dakin not to sell her designs herself, but to help persuade Dakin to buy Favorite Things" (the toy manufacturer she worked for). *Id.*, 831 F.2d at 899, 902. In *Faris*, the court upheld summary judgment for the defendant because the evidence demonstrated that the plaintiff "never intended to submit the property for sale and did not tell [the defendant] that he was submitting it for sale." *Id.*, 97 Cal.App.3d at 319. In both cases, the courts relied on actual evidence (in the form of affidavits or deposition transcripts) to find that no triable issue of material fact existed as to the plaintiffs' lack of intentions to make his or her disclosures for sale.

Plaintiff has, perhaps unartfully, alleged that he disclosed the video link containing his "potential product line, ideas, and marketing concepts" regarding the '492 Patent with the expectation of fair compensation (i.e. for sale). (Compl. ¶¶ 21-22.) Nevertheless, for purposes of a motion to dismiss, the Court must accept these allegations as true. *See Jordan-Benel v. Universal City Studios, Inc.*, No. CV 14-5577-MWF(MRWx), 2015 WL 9694896, at *2 (C.D. Cal. February 13, 2015). The Court finds the Complaint's facts sufficient plead facts as to the second element. The next element, however, is inadequately pled.

The third element requires a showing that, under all the circumstances attending Plaintiff's disclosure to Cool Gear, it can be concluded that Cool Gear voluntarily accepted the disclosure knowing the conditions on which it was tendered. *Aliotti*, 831

5

F.2d at 902; *Faris*, 97 Cal.App.3d at 318. Defendants contend that the Complaint does not allege specific facts to permit a reasonable inference that Cool Gear voluntarily accepted Plaintiff's disclosure of his video link knowing that the disclosure was conditioned on an agreement to pay him for use of any of the concepts or marketing ideas contained within it. The Court agrees.

In the seminal case, *Desny v. Wilder*, 46 Cal.2d 715 (1956), the California Supreme Court held that, to satisfy the third element of a breach of implied-in-fact contract claim, a plaintiff had to show: (1) that he or she "clearly conditioned his offer to convey the idea upon an obligation to pay for it if it is used by the offeree," (2) that the offeree, "know[s] the condition before he knows the idea," and (3) that the offeree voluntarily accepts the disclosure on the conditioned basis. *Id.* at 739. "If disclosure occurs before it is known that compensation is a condition of its use, . . . no contract will be implied." *Aliotti*, 831 F.2d at 902 (9th Cir. 1987) (quoting *Landsberg v. Scrabble Crossword Game Players, Inc.*, 802 F.2d 1193, 1196 (9th Cir. 1986.)

Throughout the Complaint, Plaintiff states his expectations for payment for Cool Gear's use of the ideas he disclosed in the video link. However, nowhere in the Complaint does Plaintiff allege any facts that Cool Gear knew that it would be obligated to pay Plaintiff for use of the disclosed ideas. The only specific allegations regarding Cool Gear's communications to Plaintiff are that:

- After Plaintiff contacted Cool Gear "to introduce Cool Gear to the '492 Patent and to propose a potential line, ideas, and marketing concepts to Cool Gear," Cool Gear's Marketing Manager asked for more information regarding [Plaintiff's] patented product." (Compl. ¶¶ 21-22.)

- After Plaintiff sent Cool Gear a video link that disclosed Plaintiff's ideas and marketing concepts, Cool Gear's Senior Product Designer contacted Plaintiff to request more information about Plaintiff's patent to see if they could discuss whether "there was something they could work together on." (*Id.* ¶ 24.)

Moreover, nowhere in the Complaint does Plaintiff allege Cool Gear expressed or implied their knowledge that Plaintiff's disclosure was conditioned on a promise to pay

for use of the ideas contained within it. Instead, the Complaint merely alleges, "[o]n information and belief, on or about August 6, 2013, Cool Gear's Senior Product Designer voluntarily accepted the disclosure of the idea, knowing the implicit conditions on which the idea was tendered." (Compl. ¶ 45.) As stated above, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Based on the facts alleged in the Complaint, the Court cannot draw a reasonable inference that Cool Gear voluntarily accepted the video link knowing the conditions upon which they were tendered.[4] *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Therefore, Plaintiff's Complaint fails to set forth a basis for the third element of his claim for breach of an implied-in-fact contract. Defendants' Motion to Dismiss this claim is **GRANTED**.

Finally, Plaintiff requests leave to amend his complaint if the Court determines dismissal is warranted. Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "has noted on several occasions . . . that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a), . . . by freely granting leave to amend when justice so requires." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.

---

[4] Indeed, Plaintiff has not even alleged what the implied contracts terms were, only that he expected fair compensation.

1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)). Although each factor may warrant consideration, "prejudice to the opposing party . . . carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052. None of these factors weigh against granting leave.

Accordingly, Plaintiff's request for leave to amend is **GRANTED**.

## CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss the Second Claim for Relief is **GRANTED, with leave to amend**. Any amended complaint must be filed within **ten (10) days** of this Order. If Plaintiff elects not to amend, the case shall proceed on the Complaint as to the remaining claim for relief.

**IT IS SO ORDERED.**

DATED: January 19, 2017

HON. ROGER T. BENITEZ
United States District Judge